UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS VALDEZ GONZALEZ,

                              Plaintiff,

-against-

GABRIELLI TRUCK SALES, LTD.,

                              Defendant.

20cv06009 (PGG) (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

       In this action under the Fair Labor Standards Act and the New York Labor Law, the parties have reached a settlement in principle, and, upon the parties' consent under 28 U.S.C. § 636(c), the Honorable Paul G. Gardephe, U.S.D.J., has referred Plaintiff's pending letter motion for approval of the settlement (Dkt. 22) to this Court for resolution (*see* Dkt. 24).[1] Plaintiff's motion explains why both parties believe the proposed settlement agreement is fair, reasonable, and adequate, and urges approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). This Court has reviewed the motion in order to determine whether the proposed agreement (Dkt. 22-1) represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in Plaintiff's

---

[1] The consequence of Judge Gardephe's referral of Plaintiff's motion, on consent, is this: If this Court were to grant the motion for approval of the proposed settlement agreement, then the necessary result would be the discontinuance of the case with prejudice, based on the approved settlement. If, on the other hand, this Court were to deny the motion, then the parties would return to Judge Gardephe for further proceedings.

motion, the terms of the proposed settlement agreement, and the Court's own familiarity with the action, it is hereby ORDERED that:

1.   This Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2.   Paragraph 7 of the proposed settlement agreement contemplates that the Court will retain jurisdiction to resolve any disputes arising out of the agreement and the settlement of this action (*see* Dkt. 22-1), and, upon this Court's inquiry (*see* Dkt. 25), the parties have now confirmed that their consent to place their motion before this Court extends to this Court's retention of jurisdiction (*see* Dkt. 26 ("The parties agree and provide their consent that, in the event the settlement agreement is approved by your Honor, your Honor shall retain jurisdiction over any disputes arising under the settlement agreement and for purposes of enforcing the agreement.")).  Accordingly, in order to effectuate the evident intent of the parties, and with their express consent, this Court will retain jurisdiction for purposes of enforcing the settlement.

3.   This Court notes that, although Plaintiff states, in his motion, that, as of the date of submission, only he (and not Defendant) had so far signed the proposed settlement agreement (*see* Dkt. 22, at 1), Plaintiff has actually attached, as an exhibit to the motion, a copy of the agreement that appears to have been executed by both parties (*see* Dkt. 22-1).  As a result of the Court's approval of the agreement, and in light of the fact that it appears to have been fully

executed, this action is hereby discontinued with prejudice and without costs or fees to any party.

The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
    January 12, 2021

                                                SO ORDERED

                                                _____
                                                DEBRA FREEMAN
                                                United States Magistrate Judge

Copies to:

All counsel (via ECF)